IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

PATRICIA ANN KOEHN, individually and on
behalf of all others similarly situated,

            Plaintiff,

       *vs.*                              Case No.: 1:18-cv-01084

DELTA OUTSOURCE GROUP, INC., a
Missouri Corporation, and JOHN DOES,

            Defendants.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT
COLLECTION PRACTICES ACT AND DEMAND FOR JURY TRIAL**

Plaintiff, PATRICIA ANN KOEHN, individually and on behalf of all others similarly situated, brings this action against Defendants, DELTA OUTSOURCE GROUP, INC. ("DELTA") and JOHN DOES. In support of her Complaint, Plaintiff says:

## I. PRELIMINARY STATEMENT

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action for Defendants' illegal practices which include using false, deceptive, and misleading practices in connection with its attempts to collect alleged consumer debts from Plaintiff and other similarly situated Wisconsin consumers.

2. Plaintiff alleges Defendants' collection practices violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* Such collection practices include, *inter alia*, sending consumers form letters which are false, deceptive, and misleading to an unsophisticated consumer, constitute an unfair or unconscionable means to attempt to collect a debt, and fail to disclose legally required information about the alleged debt.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt.

Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

5. Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions includes an element of intent or purpose or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C. § 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

6. Whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws a debt collector's use of a false, deceptive, and misleading representation or means when collecting debts and includes a non-exclusive list of specific conduct which constitutes *per se* violations of

§ 1692e.

8. Similar to § 1692e, 15 U.S.C. § 1692f, bars a debt collector from using any unfair or unconscionable means when collecting or attempting to collect a debt and includes a non-exclusive list of specific conduct which constitutes *per se* violations of § 1692f.

9. At 15 U.S.C. § 1692g(a), the FDCPA requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication. At 15 U.S.C. § 1692g(b), the FDCPA restrains a debt collector from conduct and communications which would overshadow or be inconsistent with certain rights disclosed pursuant to § 1692g(a).

10. A debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to that person for actual damages (if any), statutory damages, costs, and reasonable counsel fees. 15 U.S.C. § 1692k(a). A plaintiff's award of statutory damages is limited to $1,000 and a class's award is limited to the lesser of $500,000 or 1% of the debt collector's net worth. *Id.* The award to the class is to be made "without regard to a minimum individual recovery." *Id.*

11. Plaintiff, individually and on behalf of all others similarly situated, seeks damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA.

## II. PARTIES

12. Plaintiff is a natural person.

13. At all times relevant to this lawsuit, Plaintiff is a citizen of, and resides in, Hortonville, Outagamie County, Wisconsin.

14. On information and belief, DELTA is a for-profit corporation existing pursuant to the laws of the State of Missouri.

15. JEFFERSON maintains its principal business address at 62 North Central Drive, O'Fallon, Missouri.

16. Defendants, JOHN DOES, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these Defendants once they are ascertained.

### III. JURISDICTION AND VENUE

17. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

18. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because DELTA is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS CONCERNING DEFENDANT

19. DELTA regularly collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

20. Plaintiff is informed and believes, and on that basis alleges, JOHN DOES, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violative policies and procedures used by the employees of DELTA that are the subject of this Complaint. JOHN DOES personally control the illegal acts, policies, and practices utilized by DELTA and, thus, are personally liable for all the wrongdoing alleged in this Complaint.

## V. FACTS CONCERNING PLAINTIFF

21. Defendants mailed Plaintiff a letter ("Letter") dated July 17, 2017.

22. A true copy of the Letter is attached as ***Exhibit A*** except that Plaintiff's counsel has partially redacted the Letter as required by Fed. R. Civ. P. 5.2.

23. Based on the terms of the Letter, Plaintiff is alleged to have defaulted on a financial obligation ("Debt") owed to OneMain Consumer Loan, Inc.

24. The Debt was charged-off by the creditor in or about February 2017.

25. Creditors charge-off defaulted debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

26. The creditor of the Debt has not imposed interest on the Debt since it was charged-off.

27. The creditor of the Debt has not imposed late charges on the Debt since it was charged-off.

28. The creditor of the Debt has not imposed other charges on the Debt since it was charged-off.

29. The creditor of the Debt has not sent Plaintiff any periodic billing statements since the Debt was charged-off.

30. At all times relevant to this Complaint, the amount of the Debt was static and never subject to increase for any reason.

31. The Letter states the "Current Balance" of the Debt was $2,034.03 which falsely implied the amount of the Debt was not static and subject to increase in the future due to the continuing accrual of interest and late fees.

32. DELTA mailed the Letter in an attempt to collect the Debt.

33. By mailing the Letter, Defendants deprived Plaintiff of the right to truthful, non-misleading information (as viewed from the perspective of an unsophisticated consumer) concerning the effect of payment on the Debt.

## VI. POLICIES AND PRACTICES COMPLAINED OF

34. It is Defendants' policy and practice to engage in practices which violate 15 U.S.C. §§ 1692e and 1692g by sending letters, such as *Exhibit A*, in their attempt to collect debts.

## VII. CLASS ALLEGATIONS

35. This action is brought as a class action. Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

37. *Class Definition.* This case is brought on behalf of a Class consisting of all natural persons to whom DELTA mailed an initial written communication in the form of *Exhibit A*, during the period beginning on July 15, 2017 and ending on August 5, 2018 in an attempt to collect a charged-off credit account.

38. The identities of the Class members, including their names and last known addresses, are readily ascertainable from DENTA's business records.

39. *Class Claims.* The Class claims include all claims Class members may have for a violation of the FDCPA based the form letter mailed by DELTA in the form of *Exhibit A*.

40. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) *Numerosity.* On information and belief the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

    (b) *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal class issue is whether Defendants violated the FDCPA when mailing letters created using the same or substantially similar form letter as was used to create *Exhibit A*.

    (c) *Typicality.* Plaintiff's claims are typical of Class Claims. Plaintiff and all Class members have claims arising from Defendants' common course of conduct in using and mailing the same form letter.

    (d) *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interest averse to, or conflict with, Class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

41. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to

other available methods for the fair and efficient adjudication of the controversy.

42. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class, Class claims, and the Class period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VIII. CAUSE OF ACTION: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

44. DELTA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

45. JOHN DOES are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

46. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

47. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

48. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

49. Defendants' use and mailing of the Letter violated the FDCPA in one or more following ways:

    (a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e including, but not limited to, violations of §§ 1692e(2) and (10); and

    (b) Failing to state the amount of the Debt in an unambiguous manner as required by 15 U.S.C. § 1692g(a)(1).

## VIII. PRAYER FOR RELIEF

50. WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants as follows:

    (i) An order certifying that the Cause of Action may be maintained as a class

pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiff as the class representative, and the undersigned counsel to represent the Class;

(ii) An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B), which includes damages to the extent the recovery of attorneys' fees and costs causes Plaintiff or the Class a negative tax consequence;

(iii) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iv) An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services on behalf of the Class;

(v) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi) For such other and further relief as may be just and proper.

## IX.   JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Dated: July 16, 2018

*s/ Andrew T. Thomasson*
Philip D. Stern (NJ Bar # 045921984)
Francis R. Greene (IL Bar #00712094)
Andrew T. Thomasson (NJ Bar # 048362011)
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
E-Mail: philip@sternthomasson.com
E-Mail: francis@sternthomasson.com
E-Mail: philip@sternthomasson.com

*Attorneys for Plaintiff, Patricia Ann Koehn*