# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICIA ANN KOEHN,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.                                                      Case No. 18-C-1084

DELTA OUTSOURCE GROUP, INC.
and JOHN DOES,

        Defendants.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff Patricia Ann Koehn filed this action, individually and on behalf of all others similarly situated, against Defendants Delta Outsource Group, Inc. (Delta) and John Does, alleging that Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, *et seq*. Specifically, Koehn alleges that the debt collection letter Delta sent her was false, deceptive, and misleading in violation of § 1692e and failed to state the amount of the debt in violation of § 1692g(a)(1). Presently before the court is Delta's motion to dismiss the amended complaint for failure to state a claim. For the reasons below, Delta's motion will be granted and the case dismissed.

### LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing a motion to dismiss, a court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). It is important to note, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Koehn's claims arise out of a letter dated July 17, 2017, that she received from Delta, who sought to collect a debt she owed to OneMain Consumer Loan, Inc. The amended complaint alleges that Koehn's debt arose from a transaction for personal, family, or household purposes. Am. Compl., ECF No. 8, at ¶ 33. The letter, a copy of which is attached to the amended complaint, states that the "current balance" of the debt Koehn owes is $2,034,03. *Id.*, Ex. A. The letter then states it is from a debt collector and is an attempt to collect a debt. It goes on to state that, unless Koehn notifies Delta within 30 days after receiving the letter that the debt or any portion thereof is disputed, Delta will assume the debt is valid. On the other hand, if Koehn notifies Delta that the debt or any portion thereof is disputed, Delta will obtain verification of the debt or obtain a judgment and mail a copy of such judgment or verification. The letter also states that, upon request, Delta will provide Koehn with the name and address of the original creditor, if different from the current creditor. The amount of the debt, $2,034.03, is again listed at the bottom right side of the letter next to the phrase "current balance." *Id.*

2

There is no allegation that Koehn did not owe $2,034.03 to OneMain Consumer Loan, Inc., on the date the letter was mailed. To the contrary, the complaint expressly acknowledges that the amount of the debt was and remains $2,034.03,[1] the amount listed on the letter. *Id.* at ¶ 47. The amended complaint further alleges, however, that upon information and belief, the debt has been "charged off" by the original creditor, meaning that it no longer accrues interest, late charges, or other fees. *Id.* at ¶ 41. In other words, according to the amended complaint, the debt is "static" and will not increase merely by the passage of time.

Despite the fact that Delta's letter accurately states the amount of the debt Koehn then owed, the amended complaint alleges that it is false and misleading because it uses the word "current" to describe the balance owed. According to the complaint, "[b]y adding the temporal descriptor, 'Current,' to the Debt which previously—but no longer—accrued interest, the Letter implied the stated amount, $2,034.03, was ephemeral." *Id.* at ¶ 46. The letter's use of the term "current balance," according to the complaint, "falsely represents" the character and amount of the Debt to an unsophisticated consumer and "falsely threatens that the current creditor may apply interest or other charges which would increase the balance of the Debt merely by the passage of time." *Id.* at ¶¶ 53–55. In doing so, it "competitively disadvantages those debt collectors who accurately state the amount of a static debt without any temporal qualifiers." *Id.* at ¶ 52.

Based on these allegations, the amended complaint alleges that Delta violated §§ 1692e and 1692g of the FDCPA. Although she alleges no actual damages, Koehn seeks statutory damages of up to $1,000 for each violation. But this is more than a $1,000 case. Koehn also seeks to represent

---

[1] Paragraph 47 of the amended complaint lists the balance as $2,043.03, not $2,034.03. This disparity is likely a clerical error, as the same paragraph acknowledges that the balance on the date of the letter—$2,034.03, as Koehn alleges elsewhere in her complaint—was "true."

3

a Class consisting of all consumers to whom Delta mailed a letter to an address in Wisconsin between July 17, 2017, and September 30, 2018, that used the phrase "current balance" to describe the amount owed on a charged-off debt owed to OneMain Financial Group, LLC or its affiliated lender. Each member of such a class, if Koehn prevails, would likewise be entitled to statutory damages of up to $1,000, subject to a cap of the lesser of $500,000 or 1% of Delta's net worth. In the event she prevails, Koehn would also be entitled to recover actual attorneys' fees and costs of the action. *Id.* at ¶ 10.

## ANALYSIS

**A. Unsophisticated Consumer Standard**

The FDCPA is intended "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." § 1692(e). In this circuit, a debt collector's communications are tested for compliance with the FDCPA under the "unsophisticated consumer" standard. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012). That is, "[t]he letter must be clear and comprehensible to an individual who is 'uninformed, naive, [and] trusting,' but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences." *Id.* (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003)). An unsophisticated consumer "isn't a dimwit" who interprets letters "in a bizarre or idiosyncratic fashion," but is instead a person who possesses "reasonable intelligence." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

4

At the same time, an unsophisticated consumer is not a gifted linguist who closely parses a debt collection letter like a Wall Street lawyer analyzes a municipal bond offering or like a patent lawyer construes a patent. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (Such a consumer lacks "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer."); *Jacobson v. Healthcare Fin. Servs., Inc.*, 434 F. Supp. 2d 133, 138 (E.D.N.Y. 2006) ("This understanding of the least sophisticated consumer standard points away from closely parsing a debt collection letter like a municipal bond offering and towards a common sense appraisal of the letter."), *vacated on other grounds*, 516 F.3d 85 (2d Cir. 2010); *see also Fed. Home Loan Mtg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007) (observing that, "Ironically, it appears that it is often the extremely sophisticated consumer who takes advantage of the civil liability scheme defined by this statute, not the individual who has been threatened or misled" (quoting *Jacobson*, 434 F. Supp. 2d at 139)). While, as a general matter, the confusing nature of a dunning letter is a question of fact that, if well-pleaded, avoids dismissal under Rule 12(b)(6), dismissal is appropriate when it is apparent from a reading of the letter that less than a significant fraction of the population would find the letter confusing. *Zemeckis*, 679 F.3d at 635–36.

**B. Current Balance**

Koehn alleges that Delta's letter is deceptive and misleading to the unsophisticated consumer and fails to clearly state the amount owed in violation of 15 U.S.C. §§ 1692e and 1692g because of its use of the phrase "current balance." In its motion to dismiss, Delta argues that it is apparent from its face that not even a significant fraction of the population would be misled by the letter. In Delta's view, "[t]he interpretation espoused by Plaintiff is idiosyncratic – much more likely to be arrived at by an enterprising plaintiff's lawyer than by the least sophisticated debtor." Def.'s Br., ECF No. 10-

5

1, at 3. In support of its argument, Delta cites the Second Circuit's decision in *Taylor v. Financial Recovery Services, Inc.*, which held that "a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." 886 F.3d 212, 215 (2d Cir. 2018). But *Taylor*, apart from the fact that it is an out-of-circuit case, is not very persuasive on the issue before me. Koehn is not claiming that a debt collector is required to disclose the fact that interest and fees are not currently accruing; her claim is that the debt collector cannot falsely suggest to the consumer that they are accruing. By using the term "current" to qualify the balance owing, Koehn contends, that is precisely what Delta did.

In support of her argument that Delta's use of the word "current" to describe the balance owed on her account is false, misleading and deceptive, Koehn cites the Seventh Circuit's decision in *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944 (7th Cir. 2004). In that case, the letter sent by the debt collector stated that the "balance" owed was $367.42, but then added the following request and invitation: "Please remit the balance listed above in the return envelope provided. To obtain your most current balance information, please call 1–800–916–9006." *Id.* at 947. *Chuway* held that the letter violated the FDCPA because it failed to clearly state the amount of the debt that was due. The court explained:

> So if the letter had stopped after the "Please remit" sentence, the defendant would be in the clear. But the letter didn't stop there. It went on to instruct the recipient on how to obtain "your most current balance information." If this means that the defendant was dunning her for something more than $367.42, it's in trouble because the "something more" is not quantified. Actually, as we said, the defendant hadn't been hired to collect the current balance of the plaintiff's credit card debt, insofar as that current balance exceeded $367.42.

*Id.* Koehn argues that *Chuway* conclusively resolves the question of whether the letter's use of the phrase "current balance" violates the FDCPA in her favor. Pl.'s Br., ECF No. 11, at 4.

6

But it was not simply because the letter used the term "current" to describe the balance owed that *Chuway* found that the letter in that case violated the FDCPA. The invitation to call the debt collector "to obtain your most current balance" suggested that the amount listed in the letter was not the actual amount owed. In *Williams v. OSI Educational Services, Inc.*, the court explained that the confusion in *Chuway* arose "because the letter did not state why the 'current balance' would be different than the stated 'balance.'" 505 F.3d 675, 679 (7th Cir. 2007). In *Williams*, the challenged letter listed the "TOTAL DUE," but noted "the balance may not reflect the exact amount of interest which is accruing daily per your original agreement with your creditor." *Id.* at 677. The *Williams* court held that the letter at issue there did not violate the FDCPA because "the language in OSI's letter links the difference between the 'total due' and the 'exact payout balance' to the 'interest which is accruing daily per your original agreement with your creditor.'" *Id.* at 679. The court concluded that "OSI's letter thus provides the information that created the confusion in the *Chuway* letter." *Id.*; *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 323 (7th Cir. 2016) (noting that, in *Chuway*, "[w]e concluded that although the 'balance' was disclosed in the dunning letter, the reference to obtaining the 'most current balance information' implied that the consumer might actually have owed some unspecified larger amount"); *Barnes v. Advanced Call Ctr. Technologies, LLC*, 493 F.3d 838, 841 (7th Cir. 2007) ("Absent some particularly ambiguous language in the rest of the letter, we cannot see how an unsophisticated consumer would interpret the tearoff to indicate that anything other than the 'Current Amount Due' was 'the amount of the debt.'").

Here, by contrast, the letter did not suggest that the amount owed was different than the amount stated. It did not instruct the consumer to call Delta's office to obtain the current balance;

7

instead, it listed the current balance and simply asked Koehn to let Delta know if she disagreed with the validity or amount of the debt. Contrary to the allegations of the complaint, by itself the phrase "current balance" does not mean that the debt will increase due to interest or other charges. It simply means the amount that is owed at the present time. Even if interest or other charges would no longer accrue, assuming Delta did not obtain a judgment, that did not mean the debt was static. Presumably, it was Delta's intent that the debt would decrease as a result of payments it hoped Koehn would make, thereby decreasing the amount of the "current balance." Collection of a debt, after all, was the purpose in sending the letter in the first place. By listing a current balance, Delta was simply conveying to Koehn the amount its records showed she owed at that time. *See Feldheim v. Fin. Recovery Servs., Inc.*, 257 F. Supp. 3d 361, 371 (S.D.N.Y. 2017) (rejecting consumer's "characterization that the statement in a notice that [a]s of the date of this notice you owe $4,414.61 deceptively and falsely implies that . . . the amount to pay will be greater in the future"); *Ghulyani v. Stephens & Michaels Assocs., Inc.*, No. 15-CV-5191, 2015 WL 6503849, at *3 (S.D.N.Y. Oct. 26, 2015) ("[P]retending the clause 'Balance Due as of the Date of this Letter' actually reads 'Balance Due as of the Date of this Letter, as your balance may be subject to increase due to interest' . . . [is a] farfetched and implausible interpretation.").

Koehn's allegations that "[t]he Letter's use of 'current balance' falsely threatens that the current creditor may apply interest or other charges which would increase the balance of the Debt," Am. Compl. ¶ 55, and "falsely represents to an unsophisticated consumer that the amount due is increasing based merely on the passage of time," *id.* at ¶ 56, amount to nothing more than a deliberate misreading of the printed language or "a fantastic conjecture." *Taylor v. Cavalry Inv., LLC*, 365 F.3d 572, 574 (7th Cir. 2004). The interpretation espoused by Koehn "is indeed

8

idiosyncratic—much more likely to be arrived at by an enterprising plaintiff's lawyer than by a least sophisticated consumer." *Ghulyani*, 2015 WL 6503849, at *3.

This is the kind of case where "the allegedly offensive language is plainly and clearly not misleading." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). As a result, "no extrinsic evidence is needed to show that the reasonable unsophisticated consumer would not be confused by the pertinent language." *Id.* Accordingly, no violation of § 1692e can be shown. And since the letter accurately set forth the amount of the debt "clearly enough that the recipient [was] likely to understand it," *Chuway*, 362 F.3d at 948, no violation of § 1692g can be shown either.

## CONCLUSION

For the foregoing reasons, Delta's motion to dismiss for failure to state a claim (ECF No. 10) is **GRANTED**. This action is dismissed with prejudice. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this   14th   day of December, 2018.

                                                    s/ William C. Griesbach  
                                                    William C. Griesbach, Chief Judge  
                                                    United States District Court